# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4806 | **DATE** | 7/26/2002 |
| **CASE TITLE** | Maurice L. Jones vs. Coca Cola Bottling Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Jones' application to proceed in forma pauperis is denied and the Complaint and this action is dismissed because of noncompliance with this Court's July 12 order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 29 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 1 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 7/26/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 02 JUL 26 PM 3:26 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE L. JONES,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   No. 02 C 4806
                                 )
COCA COLA BOTTLING COMPANY,      )
                                 )
            Defendant.           )

**DOCKETED JUL 2 9 2002**

## MEMORANDUM ORDER

On July 12, 2002 this Court ordered pro se plaintiff Maurice Jones ("Jones") to provide some necessary additional information in support of his request to go forward with his lawsuit without prepayment of the $150 filing fee (the financial information he had originally submitted appeared to indicate that he could obtain the necessary funds in short order out of his ongoing unemployment compensation payments). But the specified date (July 23) has come and gone without Jones having submitted either payment of the fee or the requested information or any explanation as to why he might need additional time for either of those alternatives.

This Court therefore denies Jones leave to proceed in forma pauperis, and it dismisses his Complaint and this action because of his noncompliance with the July 12 order. Because Jones (as a nonlawyer) is presumably unaware of the manner in which he may be relieved from the effect of this dismissal, he is further advised that under Fed. R. Civ. P. ("Rule") 59(e), as tempered by Rule

6(a), he may file a motion to alter or amend the judgment of dismissal within 14 days after the docketing of the judgment of dismissal (which will normally take place on July 29).[1]

                                       */s/ Milton I. Shadur*
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: July 26, 2002

---

[1] In that respect, Jones should understand that <u>no extension</u> of that 14-day period can be granted, because Rule 6(b) so provides.